Ladwig vs. Williams and another.

---

LADWIG, Respondent, vs. WILLIAMS and another, Appellants.

*April 13 — May 1, 1894.*

*Partnership: Attachment: Exemptions.*

1. Where firm property is seized on attachment, the partners are entitled to a reasonable time after the seizure in which to sever their interests and claim their exemptions. The demand for exemptions in this case having been made seventeen days after the seizure and before any transfer of the title to the property, it is *held*, as a matter of law, that the delay was not unreasonable.

2. Failure of a partner to claim exemptions as against a chattel mortgage executed by the firm is not a waiver of his right to make such claim as against a sheriff who seized the property on attachments; nor is such right prejudiced by the fact that the firm has traversed the attachments.

APPEAL from the Circuit Court for *Waupaca* County.

On December 18, 1891, the firm of O. Ladwig & Co., consisting of plaintiff and another, being merchants at Embarrass, executed a chattel mortgage to one Evans to secure a note given to him by the firm for $227.50. On December 30, 1891, the goods covered by the mortgage were seized on several attachments against said firm, aggregating $692.75. Said attachments were traversed by said firm. On January 6, 1892, the mortgagee, Evans, replevied the goods from the sheriff by virtue of his mortgage. Upon the trial of that suit judgment was rendered in favor of the sheriff and against the mortgagee, and that judgment was affirmed in this court (82 Wis. 666).

Prior to January 16, 1892, said firm was dissolved. On January 16, 1892, the plaintiff in this action served a notice upon said sheriff and his deputy as follows, to wit: " *To Ed. O. Williams, Sheriff, and C. M. Fisher, Deputy Sheriff:* I hereby demand from you my exemption out of the stock of goods which you have seized at the store of O. Ladwig & Co., at Embarrass, and which you now hold in custody under writ of attachment in several cases; and I demand that you permit me to make a selection of two hundred dollars worth of said stock as my exemption; and I demand that you permit me to make such selection, and forbid you to longer hold them under such writ or in your custody. [Signed] Yours, Tena Ladwig." Afterwards, and on the same day, judgments were entered in said attachment suits in favor of said creditors. Executions were issued on said attachments, and said goods levied upon, and notices of sale thereof given for February 6,

1892. On February 6, 1892, and just prior to such sale, the plaintiff demanded $200 of said goods as exempt from sale on such execution, but the same was refused. Thereupon, and on the same day, said goods were sold by the sheriff to the plaintiffs in such execution for $232.

On September 3, 1892, this action was commenced against the sheriff and his deputy for the value of such exempt property, to wit, of the sum of $200. At the close of the trial the court directed the jury to find, as they did, generally for the plaintiff, and also to find that the plaintiff did use proper diligence in making her demands for her exemptions; and the jury returned a verdict also to the effect that the value of the goods left in the possession of the defendants after the coroner's seizure in the action of replevin was $525. Judgment was thereupon entered in favor of the plaintiff and against the defendants for said $200 and interest, as damages and costs, amounting in the whole to $270.57. From that judgment the defendants appeal.

For the appellants there was a brief by *Frank M. Guernsey*, attorney, and *Gerrit T. Thorn*, of counsel, and oral argument by *Mr. Thorn*.

For the respondent there was a brief by *M. J. Wallrich*, attorney, and *B. M. Goldberg*, of counsel, and oral argument by *J. B. Kerr*.

CASSODAY, J. The evidence appears to be sufficient to sustain the finding of the jury as to value of the goods left in the possession of the defendants after the seizure by the coroner in the action of replevin. The principal contention is that the plaintiff's conduct was such as to estop her from claiming her exemptions; or, in other words, that she waived her exemptions. She had no occasion to claim her exemptions as against the chattel mortgagee, and her failure to do so cannot inure to the benefit of the defendants.

Assuming the mortgage to have been void as to creditors, yet it was valid as to the plaintiff as one of the mortgagors. The firm had the legal right to traverse the several attachments, and the fact that they did so in no way prejudiced the right of the plaintiff to her exemptions. At the time the firm property was seized on the several attachments against the firm, the partners had not severed their interests therein so as to entitle the plaintiff to her exemptions. They were each entitled to a reasonable time to so sever their interests and claim their exemptions after such seizure. *Bong v. Parmentier, ante,* p. 129, and cases there cited. In that case the firm made a voluntary assignment, but neither the assignment nor the inventory designated any specific property as claimed by the partners, or either of them, as exempt. The assignment vested the title to all the partnership property, absolutely and unconditionally in the assignee; and there was no attempt of the partners to sever their interests therein, nor to claim their respective exemptions therein, until more than ten weeks after the title had so become vested in the assignee. In the case at bar it appears from the undisputed evidence that the severance was made and the plaintiff demanded her exemptions only seventeen days after such seizure on the attachments, and before any transfer of the title to the property. After such demand, the executions were issued and the defendants levied upon the goods and sold the same, after a redemand for such exemptions, at their peril.

We must hold, upon the undisputed evidence, and as a matter of law, that the delay in making the demand for exemptions was not unreasonable. Nor is the plaintiff's right of recovery defeated or prejudiced by the delay in commencing the action.

*By the Court.*— The judgment of the circuit court is affirmed.